10-1297-ag
Wang v. Holder

BIA
Brennan, IJ
A093 389 915

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of February, two thousand eleven.

PRESENT:
            JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
            RICHARD C. WESLEY,
                 *Circuit Judges.*

_____

KONG FA WANG,
        *Petitioner,*

        v.                                    10-1297-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*

_____

FOR PETITIONER:   Corey Lee, New York, New York.

FOR RESPONDENT:   Tony West, Assistant Attorney General;
                  Jennifer L. Lightbody, Assistant
                  Director; Nicole J. Thomas-Dorris, Trial
                  Attorney, Office of Immigration
                  Litigation, Civil Division, United States
                  Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kong Fa Wang, a native and citizen of China, seeks review of a March 11, 2010, decision of the BIA affirming the May 15, 2008, decision of Immigration Judge ("IJ") Noel A. Brennan denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kong Fa Wang*, No. A093 389 915 (B.I.A. Mar. 11, 2010), *aff'g* No. A093 389 915 (Immig. Ct. N.Y. City May 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Contrary to Wang's arguments, the agency did not err in finding that Wang failed to establish past persecution. The

agency reasonably considered the context of his beating at the hands of the Chinese authorities and found that the mistreatment he suffered was not sufficiently severe to constitute persecution because, while he suffered minor injuries, he was never subjected to any arrest, detention or other injury since the incident. *Cf. Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (explaining that a "'minor beating' . . . may rise to the level of persecution if it occurred in the context of an arrest or detention"). The threat of sterilization and the emotional harm he suffered due to his wife's forced abortion do not establish past persecution. *Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (providing that claims based on unfulfilled threats do not establish persecution); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007) (*en banc*) (noting that the profound emotional loss an individual may suffer following a spouse's forced abortion does not constitute persecution).

Additionally, substantial evidence supports the agency's conclusion that Wang did not establish a well-founded fear of future persecution. The agency reasonably found that Wang did not establish an objectively

3

reasonable fear of persecution based on his altercation with the police because the Chinese authorities did not seek to punish him for that resistance during the nearly five years he lived in China following that incident. The agency also reasonably determined that Wang did not have an objectively reasonable fear that he would be sterilized based on his desire to have more children if he returns to China; the record does not support Wang's assertion that he would be subjected to forced sterilization. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution in China because of his desire to have more children, his fear was "speculative at best").

Accordingly, because Wang did not establish past persecution or a well-founded fear of future persecution, the agency did not err in denying his claim for asylum. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (explaining that to establish eligibility for asylum, an applicant must demonstrate past persecution or a well-founded fear of future persecution); *Jian Xing Huang*, 421 F.3d at 129. Because Wang's claims for withholding of

4

removal and CAT relief were based on the same factual predicate as his claim for asylum, the BIA did not err in denying those forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk